**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALDERAY Q. SIMMONDS, | : | |
| Inmate No. 1234041, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-170-WSD-JSA |
| UNKNOWN DEFENDANT, | : | |
|     Defendant. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On January 29, 2013, the undersigned entered an Order instructing Plaintiff to either submit the full initial filing fee of $350.00 or execute and return a properly executed financial affidavit seeking to proceed *in forma pauperis*, and to amend the complaint. (Doc. 2). Plaintiff was directed to follow the instructions in the January 29, 2013, Order within thirty days or risk dismissal of this action. (*Id.*).

On February 26, 2013, the Court's Order was returned with the notation "Not Deliverable As addressed." (Doc. 3). As indicated by the Fulton County Jail's website and confirmed by a jail official, however, Plaintiff still was located at the Fulton County Jail and it was not clear why the Order was returned.

AO 72A
(Rev.8/82)

The undersigned therefore entered an Order on February 27, 2013, directing the Clerk of Court to send another copy of the undersigned's January 29, 2013, Order [Doc. 2], the appropriate financial affidavit, and the proper forms for filing a 42 U.S.C. § 1983 action to Plaintiff at the Fulton County Jail. (Doc. 4). On March 18, 2013, the Court's Order also was returned with the notations "RTS" and "IA".[1] (Doc. 5).

This Court again confirmed with "Ms. Clark," a jail official in "Active Records," that as of June 26, 2013, Plaintiff was, indeed, still at the Fulton County Jail, as indicated by the Fulton County Jail's website. Once more it was entirely unclear to the Court why its Order was returned as undeliverable, as Plaintiff's name, booking number, and address all appeared to be correct on both Orders and envelopes sent to Plaintiff at the Fulton County Jail.

Due to the difficulties this Court had encountered with mailing the documents to Plaintiff and in the interest of judicial efficiency, the undersigned entered another Order on July 10, 2013 and instructed the Clerk to send Plaintiff the January 29, 2013, Order, the financial affidavit, and the proper § 1983 forms to

---

[1] Presumably, these notations stand for "Return to Sender" and "Incorrect Address."

Plaintiff in care of Major Rueben Wingfield, the Fulton County Jail Operations Manager. (Doc. 6). The Court instructed Major Wingfield to ensure that the Orders were delivered to Plaintiff and to provide notice to the Court that Plaintiff received them. (*Id.*).

Although Major Wingfield did not comply with this Court's instructions to notify the Court that he delivered the documents to Plaintiff, none of the documents were returned to the Court and Plaintiff therefore presumably received them. As of October 17, 2013, however, Plaintiff has not complied with this Court's instructions, and the Court takes judicial notice that Plaintiff was released from the Fulton County Jail on August 29, 2013. *See Fulton County Inmate Search*, available at http://justice.fultoncountyga.gov /PAJailManager/JailingDetail.aspx? JailingID =343 (last visited October 17, 2013). Plaintiff also has not provided the Court with his new address.

Local Rule 41.2C provides that "the failure . . . of a party appearing *pro se* to keep the Clerk's office informed of any change in address and/or telephone

3

number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal."[2]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C for failure to keep the Court informed of Plaintiff's current address.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 22nd day of October, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that although it is not clear what relief Plaintiff sought in the complaint, his release from the Fulton County Jail may have rendered some, if not all, of his claims moot.